Dear Mr. Sigur:
You have requested the opinion of this office as to whether the provisions of La. R.S. 41:1211, et seq. (the Public Lease Law) and La. R.S. 38:2211, et seq. (the Public Bid Law) must be followed in regard to a proposed agreement between the Rapides Parish Coliseum Authority and Western Professional Hockey League.
The proposed agreement essentially provides that the Western Professional Hockey League (WPHL) will have the exclusive right to promote and perform professional ice hockey, public skating and other ice related events at the Rapides Parish Coliseum and have full use of the Coliseum for approximately 35 home games, exhibition games, play-off games and other games as required by WPHL. WPHL is also granted a first option for every available weekend date from October 1 through March 31 during the 5 year term of the agreement. WPHL will pay the Coliseum Authority a fee based upon paid ticket holder attendance at hockey events, 10% of gross game day merchandise concession sales and 5% of gross revenues from food and beverage concession sales. WPHL also agrees to construct and equip the coliseum with a permanent indoor ice arena. WPHL will also have exclusive use of two team dressing rooms and use of a third dressing room for referees. WPHL is required to execute a construction performance bond in the amount of three hundred thousand dollars or the amount of the contract for the construction of the ice arena, whichever is less.
The Public Lease Law provides for leasing of immovable public property to the highest bidder following advertisement and solicitation of bids. The Public Bid Law requires advertisement and formal bidding for public works contracts in excess of 100 thousand dollars.
The Rapides Parish Coliseum Authority was created by the Rapides Parish Police Jury by resolution on December 13, 1991 pursuant to Act 153 of 1977 of the Louisiana Legislature. Two sections of Act 153 are pertinent to the issues raised by your request. Section 4, entitled "General Powers of Authority" provides:
 An authority shall have all the powers necessary or convenient to carry out the purposes of this Act (excluding the power to levy and collect taxes or special assessments) including but not limited to, the following powers:
 (1) To exercise all or any portion of the administrative powers, functions and authority, relative to coliseums, vested in the governing body of the subdivision;
 (2) To execute such contracts and other instruments and take such other action as may be necessary or convenient to carry out the purposes of this Act;
 (3) To plan, acquire, construct, improve, maintain, equip, operate, regulate and protect coliseum and coliseum facilities, including the acquisition, maintenance and operation at such coliseum of buildings and other facilities for the comfort and accommodation (sic) of, and the purchase of and sale of supplies, goods, and commodities as an incident to the operation of its coliseum properties. For such purposes an authority may, by purchase, by gift, by devise, or by a lease, acquire property, real or personal, or any interest therein, including easements in land outside the boundaries of a coliseum or coliseum site, as are necessary; and
 (4) Subject to the approval of the State Bond Commission, the authority may make, in any year, contracts dedicating in whole or in part the excess of annual revenues of subsequent years above statutory, necessary and usual charges. No such contract shall have any longer term fixed for payment than ten years from the date of the contract. No dedication of future revenues shall be made which, alone or with other prior dedications in force, exceeds the estimated excess of revenues over the statutory, necessary, and usual charges of the year in which the contract is made. This Section shall not be construed to prohibit an authority from providing by ordinance or resolution for the expenditure of funds derived from miscellaneous or contingent sources actually collected, subject to the dedication of such funds established by law or the constitution.
 Section 5 of the Act, entitled "Operation and Use Privileges" provides:
 A. In connection with the operation of a coliseum or coliseum facility controlled by an authority, the authority may enter into contracts, leases, and other arrangements with any persons granting the privilege of using or improving the coliseum or coliseum facility or any portion of facility thereof or space therein for commercial purposes and/or conferring the privilege of supplying goods, commodities, things, services, or facilities at the coliseum or any coliseum facility.
 B. In each case the authority may establish the terms and conditions and fix the charges, rentals, or fees for the privileges or services, which shall be reasonable and uniform for the same class of privilege or service and shall be established with due regard to the property and improvements used and the expenses of operation to the authority.
 C. Notwithstanding any other provisions of law to the contrary, all land leased by the coliseum authority shall be made by public bid after advertisement in the official journal of the parish once a week for three consecutive weeks and all such leases executed under the provisions of this Chapter shall be for a period not to exceed five years and shall provide for a monthly or annual rental as bid by the lessee, payable monthly or annually, cash in advance; the lease may be made for a term of years with option to renew on stipulated conditions, however, the original lease and the renewed terms shall not exceed five years in the aggregate.
It is the opinion of this office that the foregoing Sections of Act 153 of 1977 exempt the proposed agreement between the Rapides Parish Coliseum Authority and the Western Professional Hockey League from the requirements of both the Public Lease Law and the Public Bid Law. The proposed agreement is a contract ". . . granting the privilege of using . . ." and ". . . improving the coliseum or coliseum facility or any portion thereof or space therein for commercial purposes . . ." and ". . . conferring the privilege of supplying goods, commodities, things, services, or facilities at the coliseum . . ." as expressly contemplated by Section 5A. It is not a lease of land by the coliseum authority as contemplated by Section 5C. Section 5A addresses lease of the coliseum or coliseum facility, so the provision in Section 5C regarding lease of land by the coliseum authority must not include use of the coliseum premises. Otherwise the Section 5C would be irreconcilably inconsistent with Sections 5A and 5B. Section 5B grants to the coliseum authority the power to establish the terms and conditions and fix the charges, rentals or fees for the privileges or services. That power seems to be inconsistent with solicitation of bids as provided for in the Public Lease and Public Bid Laws. In bidding situations, the successful bidders establish the charges, rentals or fees, rather than the soliciting body. By specially granting the Rapides Parish Coliseum Authority the power to fix those charges, rentals or fees, the Legislature clearly expressed its intent to exclude contracts for the privilege of using or improving the coliseum from the general competitive bidding requirements of the Public Lease and Public Bid Laws. Compare,Hall v. Rosteet, 247 La. 45, 169 So.2d 903 (1964).
I trust this opinion satisfies your request. Should you require any further information or assistance please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _______________________________ RANDALL A. KARR Assistant Attorney General
RPI/RAK/dra